Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXIS DIAZ RUDECINDO,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JONATHAN FLORENTINO, *et al.*,<br><br>　　　　　　　Respondents. | Civil Action No.: 25-16942 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

**THIS MATTER** is before the Court on the counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241 (D.E. No. 1 ("Petition" or "Pet.")) filed by petitioner Alexis Diaz Rudecindo ("Petitioner"). According to the Petition, Petitioner is a native and citizen of the Dominican Republic who is currently confined as an immigration detainee in New Jersey. (*Id.* ¶ 11). A search of the ICE Online Detainee Locator System (*see* https://locator.ice.gov/odls/#/search) run on December 3, 2025 showed that Petitioner is in custody at the Delaney Hall Detention Facility in Newark, New Jersey. Petitioner names as respondents Jonathan Florentino, in his official capacity as the Acting Director of the Newark, NJ Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, in his official capacity as the Acting Director of ICE; and Kristi Noem, in her official capacity as the Secretary of Homeland Security in the United States Department of Homeland Security (together, "Respondents"). (Pet. ¶¶ 31–33). Respondents answered the Petition (D.E. No. 4 ("Response" or "Resp.")), and Petitioner filed a reply (D.E. No. 5 ("Reply")).

Having considered the submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

For the reasons set forth below, the Petition is **GRANTED** to the extent that Petitioner seeks an order requiring Respondents to provide him with a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). Within seven (7) days of the date of entry of the accompanying Order, Respondents shall provide Petitioner with an individualized bond hearing in accordance with § 1226(a) before an IJ who shall assess whether Petitioner presents a flight risk or a danger to the community. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court.

**I.    BACKGROUND**

For purposes of the current matter, it is undisputed that Petitioner unlawfully entered the United States in Arizona on November 26, 2022. (Resp. at 2; Reply at 5). Specifically, Customs and Border Protection ("CBP") officers encountered Petitioner and arrested him at the border. (Resp. at 2; Reply at 5). On November 27, 2022, CBP released Petitioner with instructions to report to the nearest ICE office for further proceeding. (Pet. ¶¶ 54–56; Resp. at 2).

On November 19, 2023, Petitioner affirmatively filed an asylum application with U.S. Citizenship and Immigration Services ("USCIS"), and he received a work authorization on August 21, 2024 (which is valid until August 21, 2029). (Reply at 5).

On October 24, 2025, Petitioner appeared for an ICE check-in at 26 Federal Plaza, New York, New York. (Pet. ¶ 57). At this check-in, ICE officers took Petitioner into custody. (Resp. at 2; Reply at 5). By the time he was taken into custody, Petitioner had been present in this country for approximately three years. (Reply at 5). On October 24, 2025, ICE issued a Notice to Appear under 8 U.S.C. § 1229a, charging Petitioner as an alien present in the United States who has not

been admitted or paroled and is subject to removal as an inadmissible alien under 8 U.S.C. § 1182(a)(6)(A)(i).  (D.E. No. 1-8 ("NTA") at 1).  Petitioner was subsequently transferred to New Jersey.  (Pet. ¶ 10).

On October 27, 2025, Petitioner filed the instant habeas Petition.  (D.E. No. 1).  Petitioner alleges, inter alia, that his "detention pursuant to [8 U.S.C.] § 1225(b)(2)(A)] violates the plain language of the [Immigration and Nationality Act,] its implementing regulations," and nearly "thirty years of legal precedent."  (Pet. ¶¶ 16, 18).  He requests a writ of habeas corpus ordering Respondents to release him from custody or provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days.  (Pet. at 17).

On October 28, 2025, the Court entered an Order directing Respondents to file a full and correct answer to the Petition within twenty-one (21) days of the date of entry of the Court's Order and permitting Petitioner to file a reply in support of his Petition within fourteen (14) days after the answer is filed.  (D.E. No. 2 at 3).  Respondents filed their letter Response on November 18, 2025 (D.E. No. 4), and Petitioner replied on November 24, 2025 (D.E. No. 5).

**II.    LEGAL STANDARD**

Under 28 U.S.C. § 2241, habeas relief may be granted if an individual "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).  "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence."  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

3

## III.   DISCUSSION

The Court must decide whether Petitioner is subject to immigration detention under 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a).  Respondents argue[1] that Petitioner is properly detained under § 1225(b)(2)(A), which provides that "'in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained' pending removal proceedings."  (*See Corea Sanchez* Answer at 6–21 (quoting 8 U.S.C. § 1225(b)(2)(A)).  As the *Corea Sanchez* Answer notes, this reading of the statutory provision is supported by the recent ruling of the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (2025), which interpreted § 1225(b)(2)(A) to require the detention of aliens who are present in the United States without admission.  (*See Corea Sanchez* Answer at 11–12; *see also* Resp. at 2 (indicating that, in *Matter of Q. Li*, 29 I. & N. Dec. 66, 68 (2025), the BIA ruled that an alien who attempts to enter the country illegally is treated as an applicant for admission subject to detention under § 1225(b)(2))).  Respondents "respectfully contend[], as it did in *Corea Sanchez* and similar cases involving § 1225(b)(2) detention in this District, that the Petitioner's detention is governed by § 1225(b)(2) because he is an applicant for admission and not entitled to a bond hearing."[2] (Resp. at 2 (first citing *Lomeu v. Lyons*, No. 25-16589, D.E. No. 7 at 9–18; then citing *Q. Li*, 29 I. & N. Dec. at 68)).

---

[1]   Respondents submit their Response "in light of the Court's recent decision in *Rivera Zumba v. Bondi*, No. 25-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025) (finding detention under § 1225(b)(2) unlawful as applied to specific noncitizen)."  (Resp. at 1 (footnote omitted)).  According to the Response, "this Office [the United States Attorney's Office] has submitted briefing on the § 1255(b)(2) issue to [this Court] in *Corea Sanchez v. Bondi*, No. 25-16113[], ECF 5, Respondents' Answer (D.N.J. Oct. 23, 2025) [("*Corea Sanchez* Answer")], which is currently pending."  (*Id.*).  "Respondents' legal position regarding Petitioner's custody is identical to their answer in the earlier-filed *Corea Sanchez* matter.  Respondents accordingly incorporate that answer by reference."  (*Id.*).

[2]   In *Corea Sanchez,* this Court granted the parties' joint request to dismiss the case and dismissed as moot the petition for pre-removal habeas relief.  (No. 25-16113, D.E. No. 12).

4

Petitioner, on the other hand, denies that he is subject to mandatory detention under § 1225(b)(2). (*See* Reply at 7–10). He "asks this Court to find that Respondents have unlawfully detained him under § 1225(b)(2)(A), [and] that his detention is appropriate under **§ 1226(a)**." (Pet. ¶ 19 (emphasis added)). If detained under § 1226(a), as he argues, Petitioner is entitled to a bond hearing. (*Id.* ¶ 47). For the following reasons, the Court agrees with Petitioner.

"The vast majority of courts confronting this precise issue have rejected [R]espondents' interpretation, and the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225." *Perez v. Lyons*, No. 25-17186, 2025 WL 3238540, at *2 (D.N.J. Nov. 19, 2025) (footnote omitted) (collecting cases). In fact, to date, every court in this District to have considered this issue has rejected Respondents' expansive interpretation of § 1225(b)(2)(A).[3] The Court is persuaded by the reasoning of these courts and concludes that § 1226(a)—not § 1225(b)(2)(A)—applies to Petitioner's detention. *See id*.

For example, "[i]n [*Rivera*, 2025 WL 2753496, at *7–9], the District Court analyzed the plain language of 8 U.S.C. § 1225(b)(2)(A) and found that it applies only to noncitizens who are

---

[3]   *See Kaly Bah v. Soto*, No. 25-17337, 2025 WL 3295569, at *1 (D.N.J. Nov. 26, 2025); *Mejia v. Cabezas*, No. 25-17094, 2025 WL 3294405, at *2 (D.N.J. Nov. 26, 2025); *Ochoa Molina v. Soto*, No. 25-16880, 2025 WL 3281820, at *2–3 (D.N.J. Nov. 25, 2025); *Garcia-Alvarado v. Warden*, No. 25-16109, 2025 WL 3268606, at *2–3 (D.N.J. Nov. 24, 2025); *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445, at *2–3 (D.N.J. Nov. 21, 2025); *Valasquez-Gomez v. Soto*, No. 25-17327, 2025 WL 3251443, at *1–3 (D.N.J. Nov. 21, 2025); *Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025); *Sandhu v. Tsoukaris*, No. 25-14607, 2025 WL 3240810, at *3–6 (D.N.J. Nov. 20, 2025); *Vasquez Lucero v. Soto*, No. 25-16737, 2025 WL 3240895, at *1–2 (D.N.J. Nov. 20, 2025); *Perez*, 2025 WL 3238540, at *1–3; *Illescas v. Chu*, No. 25-17273, 2025 WL 3216850, at *1–2 (D.N.J. Nov. 18, 2025); *Sandoval v. Rokosky*, No. 25-17229, 2025 WL 3204746, at *2 (D.N.J. Nov. 17, 2025); *Da Silva v. Laforge*, No. 25-17095, 2025 WL 3173859, at *1 (D.N.J. Nov. 13, 2025); *Guaman Naula v. Noem*, No. 25-16792, 2025 WL 3158490, at *3–4 (D.N.J. Nov. 12, 2025); *Vicens-Marquez v. Soto*, No. 25-16906, 2025 WL 3097496, at *1–2 (D.N.J. Nov. 6, 2025); *Lopez v. Noem*, No. 25-16890, 2025 WL 3101889, at *2–3 (D.N.J. Nov. 5, 2025); *Ramos v. Rokosky*, No. 25-15892, 2025 WL 3063588, at *3–9 (D.N.J. Nov. 3, 2025); *Mboup v. Field Office Director of N.J. Immigr. & Customs Enf't*, No. 25-16882, 2025 WL 3062791, at *1–2 (D.N.J. Nov. 3, 2025); *Ayala Amaya v. Bondi*, No. 25-16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025); *Patel v. Almodovar*, No. 25-153045, 2025 WL 3012323, at *2–4 (D.N.J. Oct. 28, 2025); *Maldonaldo v. Cabezas*, No. 25-13004, 2025 WL 2985256, at *3–6 (D.N.J. Oct. 23, 2025); *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296, at *4–9 (D.N.J. Oct. 23, 2025); *Lopez v. Soto*, No. 25-16303, 2025 WL 2987485, at *3 (D.N.J. Oct. 23, 2025); *Bethancourt Soto v. Soto*, No. 25-16200, 2025 WL 2976572, at *2–8 (D.N.J. Oct. 22, 2025); *Buestan v. Chu*, No. 25-16034, 2025 WL 2972252, at *1 (D.N.J. Oct. 21, 2025); *Castillo v. Lyons*, No. 25-16219, 2025 WL 2940990, at *1 (D.N.J. Oct. 10, 2025); *Zumba*, 2025 WL 2753496, at *4–11.

5

inspected by immigration officials at or near the border or its functional equivalent and not to noncitizens who entered the United States without admission or inspection and were later arrested within the interior of the United States." *Mejia*, 2025 WL 3294405, at *2. In addition, as the *Mejia* court observed:

> The District Court [in *Zumba*] noted that "for nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States" and observed that the Supreme Court in *Jennings v. Rodriguez*, 583 U.S. 281 (2018) "explicitly adopt[ed] this distinction, describing § 1225 as the detention statute for noncitizens affirmatively 'seeking admission' into the United States, and § 1226 as the detention statute for noncitizens who are 'already in the country.'" [*Zumba*, 2025 WL 2753496, at *9] (citing *Jennings*, 583 U.S. at 289). The District Court in [*Zumba*] further held that the petitioner, who was arrested by ICE in the interior of the United States and had no criminal history, could only be discretionarily detained under 8 U.S.C. § 1226(a), which provides for individualized bond hearings before an immigration judge who must assess flight risk and dangerousness.

*Id.*. This Court agrees with *Mejia* and *Zumba*. *See also Vasquez Lucero*, 2025 WL 3240895, at *2 ("The Court is persuaded by the District Court's reasoning in [*Zumba*].").

It is undisputed that Petitioner entered the United States in November 2022, has been present in the United States since his entry, has no criminal record, and was arrested by ICE in October 2025 when he reported for a scheduled check-in in the interior of the United States. (*See* Resp. at 2; Reply at 5). In fact, the NTA issued in connection with his October 2025 arrest identifies Petitioner as a noncitizen "present in the United States who has not been admitted or paroled." (NTA at 1). "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A)." *Garcia-Alvarado*, 2025 WL 3268606, at *3 (quoting *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025)). Courts have given significant weight to how the government

has treated detainees in determining which statutory provision governs their detention; in this case, ICE's designation of Petitioner as an alien present in the United States confirms that Respondents did not treat Petitioner as subject to mandatory detention pursuant to § 1225(b)(2)(A).[4]  *See Bethancourt Soto*, 2025 WL 2976572, at *6 n.3.

For the foregoing reasons, the Court grants the Petition to the extent that Petitioner seeks an order requiring Respondents to provide him with a bond hearing before an IJ pursuant to § 1226(a).  *See Perez*, 2025 WL 3238540, at *1.  Petitioner states that the appropriate remedy is "release, not a bond hearing." (Reply at 14 (emphasis omitted)).  While some courts have ordered immediate release, *see, e.g.*, *Zumba*, 2025 WL 2753496, at *11, Petitioner "is subject to the terms of § 1226(a)," and "[t]he appropriate relief in this matter is therefore a statutorily proper bond hearing pursuant to § 1226(a)." *See Ramos*, 2025 WL 3251447, at *1 ("Although the Government does not have authority to detain Petitioner without bond under § 1225(b), under 8 U.S.C. § 1226(a), an alien may be detained so long as [he or] she is provided a bond hearing upon request at which she can secure release by showing by a preponderance of the evidence that she is neither a danger nor a flight risk." (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278–79 (3d Cir. 2018))).

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the Petition to the extent that Petitioner seeks an order requiring Respondents to provide him with a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a).  Respondents shall provide Petitioner with an individualized bond hearing in

---

[4] Petitioner alleges in his initial Petition that, "[o]n November 27, 2022, [he] was issued a humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)," and that "[a]pplicants detained under § 1225 may be paroled into the country 'only on a case-by-case basis for urgent humanitarian reasons or significant public benefit.'"  (Pet. ¶¶ 5, 45 (quoting § 1182(d)(5)(A)).  "However, it does not necessarily follow that all those paroled under § 1182(d)(5)(A) were detained under § 1225 in the first instance." *Garcia-Alvarado*, 2025 WL 3268606, at *2 (quoting *Chanaguano Caiza v. Scott*, No. 25-0500, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025)).  Furthermore, Respondents do not assert that Petitioner was a humanitarian parolee.

accordance with § 1226(a) before an IJ who shall assess whether he presents a flight risk or a danger to the community. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court.

    An appropriate order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**